**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MANUEL FLORES RAMIREZ, | No. 25-3804 |
| Petitioner, | Agency No. A076-371-141 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2026
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER,[**] District Judge.
Dissent by Judge SANCHEZ.

Jose Manuel Flores Ramirez ("Flores Ramirez") petitions for review of the

Board of Immigration Appeals' ("BIA's") order affirming the Immigration Judge's

("IJ's") denial of his applications for asylum, withholding of removal, and protection

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Flores Ramirez forfeited his claim that he established past persecution. The portion of his opening brief that addresses past persecution consists of conclusory assertions, lacks citations to the record, and presents underdeveloped legal arguments. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) ("[B]y failing to develop the argument in his opening brief, [the applicant] forfeited it."); *Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022) (deeming forfeited an argument that was "purely conclusory and devoid of supporting factual detail or legal argument"); *United Nurses Ass'ns of Cal. v. Nat'l Lab. Rels. Bd.*, 871 F.3d 767, 780 (9th Cir. 2017) (deeming forfeited a "perfunctory argument" that was "inadequately briefed").

It was suggested at oral argument that the BIA failed to apply the correct legal standard when assessing the harm that occurred to Flores Ramirez's family and that the BIA failed to adequately analyze this harm. But Flores Ramirez did not "specifically and distinctly" address these alleged errors in his opening brief. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001). Accordingly, these challenges are forfeited. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (deeming forfeited an argument that was not "coherently develop[ed]" in applicant's opening brief).

- 2 -

2.  Flores Ramirez also forfeited his claim that he has a well-founded fear of future persecution.  Flores Ramirez maintains that he has established a well-founded fear of future persecution.  In support of this contention, however, he merely provides a list of facts without legal analysis or citation to caselaw.  *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (per curiam) (concluding that "lists of facts unaccompanied by analysis and completely devoid of caselaw fall far short of" Fed. R. App. P. 28(a)(8)(A)'s requirement that appellants present their "contentions and the reasons for them" in opening briefs).  Elsewhere in his opening brief, Flores Ramirez maintains that he has a fear of future persecution related to his sexual orientation and his political opinion.  But the underdeveloped arguments he advances there are likewise insufficient to avoid forfeiture because he does not offer legal analysis or provide citations to caselaw or the record.  *See W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012) ("We will not do an appellant's work for [him], either by manufacturing [his] legal arguments, or by combing the record on [his] behalf for factual support."); *Alaskan Indep. Party v. Alaska*, 545 F.3d 1173, 1181 (9th Cir. 2008) (concluding that an argument was forfeited "[b]ecause Appellants have provided no citation to the record or support for their claim"); *Badgley v. United States*, 957 F.3d 969, 978-79 (9th Cir. 2020) (concluding that an argument presented in "two sentences and two footnotes" without citation to legal authority was forfeited).

3.  Next, the BIA agreed with the IJ that three of Flores Ramirez's proposed particular social groups were not cognizable.  Flores Ramirez acknowledged the BIA's determination, but failed to "specifically and distinctly" argue that these groups are cognizable.  *See Arpin*, 261 F.3d at 919.  Accordingly, any challenge on this issue is forfeited.  *See Johnson v. Torres*, 122 F.4th 1140, 1149 n.8 (9th Cir. 2024) ("We decline to entertain that argument, which Plaintiff forfeited by omitting it from her opening brief.").

4.  Last, Flores Ramirez's contention that he is eligible for CAT relief is "conclusory" and lacks "factual detail or legal argument." *See Olea-Serefina*, 34 F.4th at 867.  Accordingly, his challenge to the agency's denial of CAT relief is forfeited. *See id.*

Because Flores Ramirez has forfeited any challenge to the agency's determinations, we deny his petition for review.  The temporary stay of removal remains in place until the mandate issues.

**PETITION DENIED**.

FILED

JUL 31 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANCHEZ, Circuit Judge, dissenting:

The Board of Immigration Appeals ("BIA") committed two legal errors in its decision affirming the Immigration Judge's denial of relief for Jose Manuel Flores Ramirez. First, in analyzing past persecution, the BIA stated that "the harm to his family members cannot be considered harm to him." That is plainly contrary to Ninth Circuit precedent that "'harms that have befallen a petitioner's family members or close friends' strengthen an applicant's past-persecution claim." *Singh v. Garland*, 57 F.4th 643, 654 (9th Cir. 2023) (quoting *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021)); *see also Lapadat v. Bondi*, 145 F.4th 942, 952 (9th Cir. 2025) (listing "harm to family and friends" as one of "seven factors to guide a past-persecution analysis"). In the very Ninth Circuit opinion the BIA cited in its decision, we explained "that 'although harm to a petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution," it must be "part of 'a pattern of persecution closely tied to' [the petitioner] himself.'" *Sharma*, 9 F.4th at 1062 (quoting *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009)).

Flores Ramirez testified to a pattern of persecution related to whistleblowing activities by himself and his close family members. Between 2012 and 2015, when Flores Ramirez served on the municipal counsel, he discovered accounting fraud in his political party and shared it at a meeting. Party members threatened to send

him to the morgue if he did not support the party. In 2013, after his nephew threatened to expose connections between the state police and the cartel, the police stormed the houses of Flores Ramirez's sister, father, and godson, kidnapped those family members, took them to the agricultural fields, and hit his father on the head. After the incident, Flores Ramirez filed a report for his godson at the municipal human rights department. That same year, Flores Ramirez's nephew disappeared and is presumed to have been killed, and four armed men in bulletproof vests entered his sister's house, admitted to killing her son, and threatened the rest of her family. In 2015, cartel members blindfolded and kidnapped Flores Ramirez, interrogated him about whether he had called the military and threatened to kill him. On a separate occasion, the military hit and tortured Flores Ramirez's brother and submerged him in water. The BIA erred by failing to analyze whether this pattern of violence and death threats suffered by Flores Ramirez's father, sister, brother, nephew, and godson are sufficiently tied to Flores Ramirez himself to establish past persecution.

Second, the BIA erred by failing to address whether Flores Ramirez established a well-founded fear of future persecution on account of his political opinion or sexuality, despite Flores Ramirez having specifically argued both grounds before the agency. Lack of past persecution does not foreclose a claim of fear of future persecution. We have remanded to the BIA to determine whether a

2

petitioner "has a well-founded fear of future persecution on a protected ground" where "[t]he BIA rejected this contention without explanation." *Regalado-Escobar v. Holder*, 717 F.3d 724, 729 (9th Cir. 2013).

Contrary to the majority's conclusion, Florez Ramirez did not forfeit these arguments. A party "has at least minimally preserved its [] challenges" if it "cites valid legal authorities and references the record." *Cal. Pac. Bank v. Fed. Deposit Ins. Corp.*, 885 F.3d 560, 570 (9th Cir. 2018). As to past persecution, Florez Ramirez detailed the harms that have befallen his family members over several pages of briefing with citations to the record, including the kidnapping of his father and sister, the disappearance of his nephew, the raiding of his sister's residence, and the threats against his family. He described the standard for demonstrating persecution on the basis of political opinion and cited several legal authorities for the proposition that political opinion is a broad standard. Florez Ramirez then argued that the BIA erred by considering only one instance of harm—the party members' threat against him—without considering numerous other examples in which he or his family members expressed political opinions through their whistleblowing activities and suffered harm as a result. Finally, Flores Ramirez cited to caselaw explaining that the BIA must "look at the totality of the circumstances in deciding whether a finding of persecution is compelled." *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004). This is not a case where a party

3

forfeits an argument by raising it in only "two sentences and two footnotes, without a single citation to legal authority." *Badgley v. United States*, 957 F.3d 969, 978 (9th Cir. 2020). Florez Ramirez devotes six pages of his brief to establishing that his political opinion led to a pattern of persecution—both to himself and to his family members—that the BIA largely overlooked. What more was he required to say?

Similarly, as to future persecution, Florez Ramirez argued throughout his brief that he has "a well-founded fear of future persecution on account of a protected ground, to wit, his political opinion and alternatively, based on his proposed [particular social groups]." Florez Ramirez cites the relevant legal standards for persecution on account of political opinion and references specific facts in the record that support his well-founded fear. In my view, these arguments are sufficient to preserve his challenges to the BIA's determinations on both past persecution and fear of future persecution. *See Cal. Pac. Bank*, 885 F.3d at 570.

Because the BIA misstated the law on past persecution and failed to address Florez Ramirez's fear of future persecution on two protected grounds, I would grant the petition and vacate and remand.